**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4195

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEJANDRO GARCIA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (CR-04-815)

Submitted: September 28, 2005          Decided: October 18, 2005

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jonathan Scott Gasser, Acting United States Attorney, Anne Hunter Young, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alejandro Garcia appeals his conviction and twenty-four-month sentence imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Garcia's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as potential issues the district court's compliance with Fed. R. Crim. P. 11 in accepting Garcia's guilty plea and the reasonableness of Garcia's sentence. Counsel states, however, that in his view, there are no meritorious issues for appeal. Garcia was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel asserts that the district court committed three errors in accepting Garcia's guilty plea: (1) the court did not use the exact language of Rule 11 when informing Garcia of the consequences of providing false information during the plea hearing, see Fed. R. Crim. P. 11(b)(1)(A); (2) the court failed to advise Garcia of any applicable forfeiture, see Fed. R. Crim. P. 11(b)(1)(J); and (3) the court did not inform Garcia that it still may be obligated to apply the Sentencing Guidelines, see Fed. R. Crim. P. 11(b)(1)(M). Because Garcia did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain

error analysis is the proper standard for review of forfeited error in the Rule 11 context").

We have carefully reviewed the transcript of the Rule 11 hearing and conclude that the alleged violations of Rule 11(b)(1)(A) and (M) are refuted by the record. With regard to the district court's failure to inform Garcia of any applicable forfeiture, we find that the error did not affect Garcia's substantial rights. We therefore find no plain error in the court's acceptance of Garcia's guilty plea.

Counsel also raises as a potential issue the reasonableness of Garcia's twenty-four-month sentence in light of United States v. Booker, 125 S. Ct. 738 (2005). Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted).

In sentencing Garcia, the district court considered the properly calculated advisory Sentencing Guidelines range and all of

the factors in § 3553(a). Because the court sentenced Garcia at the low end of the advisory Guideline range and well below the ten-year statutory maximum, see 18 U.S.C.A. § 924(a)(2) (West 2000 & Supp. 2005), we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Garcia's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED